IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ELBERT MYERS, | ) | |
| | ) | 4:10CV00049 |
|    Plaintiff | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DURHAM VETERANS | ) | By: Jackson L. Kiser |
| HOSPITAL, ET AL., | ) | Senior United States District Judge |
| | ) | |
|    Defendants | ) | |

Before me are Plaintiff Elbert Myers' Application for Leave to Proceed In Forma Pauperis and the Complaint the Plaintiff intends to file. Because the Plaintiff's proposed Complaint neither complies with Fed. R. Civ. P. 8 nor states a claim, I will **DENY** the Plaintiff's Application for Leave to Proceed In Forma Pauperis and **DISALLOW** the filing of his proposed Complaint without paying the filing fee.

This Court must dismiss lawsuits filed in forma pauperis upon a determination that the suit is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The Plaintiff states a claim against neither the Salem nor Durham Veterans Hospital. In fact, the Plaintiff does not even mention the Salem Veterans Hospital once in his proposed Complaint. He mentions the Durham Veterans Hospital in passing, but does not connect either Veterans Hospital to any claim cognizable at law. Proposed Compl. 8. In a different section of his proposed Complaint, the Plaintiff alleges that his "veterans doctors won't help" him. Proposed Compl. 10. Again, the Plaintiff does not connect this claim to any specific facility, doctor, or set of events. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (while a pleading's factual allegations need not be detailed, they must be more than a "the-

1

defendant-unlawfully-harmed-me accusation"). In addition to failing to state a claim under Fed. R. Civ. P. 12(b)(6) and failing to plead in a manner that gives sufficient notice to the Defendants concerning that against which they must defend under Fed. R. Civ. P. 8, the Plaintiff appears not to have availed himself of the appropriate administrative remedies against the Veterans Hospitals. See Freeze v. U.S., 343 F.Supp.2d 477, 480-81 (M.D.N.C. 2004) (plaintiff's failure to exhaust administrative remedies against Veterans Affairs doctor divested the U.S. District Court of jurisdiction over the claims); Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (Fed. R. Civ. P. 8 requires the plaintiff to file a pleading that gives defendants fair notice of the basis of the plaintiff's complaint).

The Plaintiff also fails to state a claim against Ebay. In his only mention of the online auction site, the Plaintiff alleges that Ebay "ruin[ed] our lives" because he "bought more than sold." Proposed Compl. 10. Even if this is so, it is not a legally cognizable claim. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005) (the plaintiff fails to state a claim where, even accepting the plaintiff's factual allegations as true, the plaintiff shows no set of facts in support of his claim that would entitle him to relief).

As to Paypal, American National Bank, and First Citizens Bank, the Plaintiff contravenes Fed. R. Civ. P. 8 by failing to plead intelligibly. Kittay, 230 F.3d at 541. Although Courts must be especially lenient when construing the pleadings of pro se plaintiffs, the Court cannot act as the pro se plaintiff's advocate. Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990). It is impossible to glean the role of the banks and Paypal and the basis upon which they could be held liable from the Plaintiff's proposed Complaint. Proposed Compl. 10-11. Despite the extra leniency

2

afforded to pro se litigants, "a plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." Kittay, 230 F.3d at 541 (internal quotation marks and citing references omitted). Accord Slade, 407 F.3d at 252. This the Plaintiff has failed to do.

Because the Plaintiff has neither stated a claim nor followed Fed. R. Civ. P. 8's pleading rules, I will **DENY** the Plaintiff's Application for Leave to Proceed In Forma Pauperis and **DISALLOW** the filing of his proposed Complaint without paying the filing fee.

Entered this 14th day of October, 2010.

                                                s/Jackson L. Kiser
                                                Senior United States District Judge